**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Coleman Enterprises, Inc.,

Plaintiff,

v.

QAI, Inc. and Pathfinder Capital, Inc.,

Defendants.

American Cyber Corp.,

Plaintiff,

v.

QAI, Inc. and Pathfinder Capital, Inc.,

Defendants.

**MEMORANDUM OPINION AND ORDER**
[redacted]

Civil No. 00-2397 ADM

---

Kenneth Corey-Edstrom, Esq., Henningson & Snoxell, Brooklyn Center, MN, on behalf of the Plaintiffs.

Robert T. Kugler, Esq., Robins, Kaplan, Miller & Ciresi, Minneapolis, MN, and Jeffrey Lewis, Esq., Enterprise Counsel Group, Irvine, CA, on behalf of the Defendants.

---

## I. INTRODUCTION

This matter comes before the undersigned United States District Judge pursuant to Defendants' Motion for Leave to Appeal [Doc. Nos. 1]. By Order of October 4, 2000, Bankruptcy Judge Kishel granted a Preliminary Injunction to Plaintiffs. Defendants then filed a Motion for Leave to Appeal the Preliminary Injunction. After a review of the record and the

FILED DEC 2 1 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

parties' memoranda in support of and in opposition to the motion, Defendants' motion is denied.

Defendants have also filed a Motion to Stay Enforcement of the Preliminary Injunction Pending Appeal [Doc. Nos. 5]. Because the interlocutory appeal is denied, the motion to stay is also denied.

## II. DISCUSSION

The Bankruptcy Court's statement of the facts in the transcript of the September 22, 2000 hearing [Doc. Nos. 1] is herein incorporated by reference. In the course of its ongoing bankruptcy proceeding, Plaintiffs made a Motion for a Preliminary Injunction to provide relief while litigation continues. After the Preliminary Injunction was granted, Defendants requested that this Court grant leave to bring an interlocutory appeal of the Preliminary Injunction.

To entertain an interlocutory bankruptcy appeal, the movant must demonstrate more than that the issues in the case are "hard, unique, . . . . or difficult"; the movant must demonstrate that "exceptional circumstances exist" requiring immediate appeal. *Lam v. Connelly Group*, (*In re National Metalcraft Corp.*), 211 B.R. 905, 906-07 (B.A.P. 8th Cir. 1997). Unless all of the following factors are present, leave to appeal should not be granted: "(1) refusal would result in wasted litigation and expense; (2) the appeal involves a controlling question of law as to which there is a substantial basis for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Id.* at 907; *see* 28 § U.S.C. 1292(b).

Defendants fail to meet the first and third elements of this test. Defendants seek to appeal the granting of Plaintiffs' Preliminary Injunction. However, the Preliminary Injunction is subject to the future outcome of Plaintiffs' ongoing bankruptcy claim. Judge Kishel explicitly held that the Preliminary Injunction is in effect only until there is a decision on the Permanent Injunction.

At that time, the decision on the Permanent Injunction takes the place of the Preliminary Injunction's remedies. Thus, regardless of the outcome of the proposed interlocutory appeal, the case will still proceed on the merits of the Permanent Injunction.

Where there are issues of fact that require trial to proceed, "an immediate appeal does not advance the ultimate termination of the litigation." *See id*; *see also In re Popkin & Stern*, 226 B.R. 882, 884-85 (B.A.P. 8th Cir. 1998) (denying interlocutory appeal where issue may be moot upon conclusion of litigation). Because the case will continue regardless of the status of the Preliminary Injunction, the appeal will not "advance" the conclusion of the litigation. Moreover, it is unlikely that a refusal to grant leave to appeal the Preliminary Injunction would result in wasted litigation and expense. The issues necessitating resolution of the Permanent Injunction will not be simplified or materially altered by the status of the Preliminary Injunction. Thus, Defendants have not met the first and third elements of the standard to effectuate granting leave to pursue an interlocutory appeal of a bankruptcy order. Defendants' Motion for Leave to Appeal is denied.

This determination renders Defendants' Motion to Stay Enforcement of the Preliminary Injunction Pending Appeal moot. In this motion, Defendants sought a Stay of the Preliminary Injunction until the interlocutory appeal of the Preliminary Injunction was resolved. Because this Court cannot hear the interlocutory appeal, there is no need to stay the Preliminary Injunction.

## II. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Leave to Appeal [Doc. Nos. 1] is **DENIED**.

2. Defendants' Motion to Stay Enforcement of the Preliminary Injunction Pending Appeal [Doc. Nos. 5] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2000